# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DERREL NELSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:06-cv-79-MLM |
| ST. LOUIS JUSTICE CENTER, ST. LOUIS JUSTICE CENTER MEDICAL and GENE STUBBLEFIELD, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Derrel Nelson for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for

the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $13.00 and an average monthly account balance of $2.80. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.60 which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff seeks declaratory and monetary relief in this action brought pursuant to 42 U.S.C. §

1983. He states that while working on the prison's cleaning detail, an uncapped bottle of "Beach"[1] fell from a high shelf, severely injuring his eyes. Plaintiff alleges that the St. Louis Justice Center was negligent in failing properly to train inmates in the use of hazardous chemicals. Plaintiff also alleges that the medical department failed to use "great care" and gave him the wrong medication, causing further injury to his eyes. Plaintiff alleges that as a result of the incident and the failure to properly treat, he experienced blindness, severe pain, irritation and contamination.

**Discussion**

A.   **Defendant St. Louis Justice Center.**

Plaintiff's claims against defendant St. Louis Justice Center are legally frivolous because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)(en banc)(§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit).

B.   **Defendant St. Louis Justice Center Medical.**

Defendant St. Louis Justice Center Medical is not a "person" suable under § 1983, and is not, therefore, a proper defendant. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989) (state and governmental entities considered arms of the states are not "persons" under § 1983); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison medical department not a "person" under § 1983).

Even if the Court were to allow plaintiff to amend his complaint to name a specific doctor or

---

[1] The Court assumes that the product that fell in plaintiff's eyes was "bleach," but recognizes that there may be a chemical cleaning agent named "Beach."

other healthcare provider as defendant, his claim would fail. While prescribing the wrong medication and further damaging plaintiff's eyes is certainly unfortunate, mere negligence in diagnosing or treating a medical condition does not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In certain situations, this Court might have jurisdiction over a medical malpractice claim. *See* 28 U.S.C. § 1332 (diversity jurisdiction). Because complete diversity of citizenship between the plaintiff and each defendant is lacking, however, the instant alleged medical malpractice case is not one over which this Court has subject matter jurisdiction. Subject matter jurisdiction over this claim exists - if at all - only in state court.

### C. Defendant Stubblefield.

The first question that arises is whether defendant Stubblefield may be held liable for the alleged violations of plaintiff's constitutional rights. Clearly, he may not be held liable on the basis of his status as superintendent of the St. Louis Justice Center. *See Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (*respondeat superior* theory inapplicable in § 1983 suits). However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (*quoting Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)). Thus, defendant Stubblefield can be held liable for policy decisions that create unconstitutional conditions.

However, negligence is insufficient to establish an Eighth Amendment violation. *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997) (citation omitted). In order to establish a constitutional violation by defendant Stubblefield, plaintiff must show defendant's "deliberate indifference" to a substantial risk of serious harm to plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 828-

4

29, 114 S.Ct. 1970, 1974 (1994) (citations omitted). "Deliberate indifference" is a level of culpability equal to the criminal law definition of recklessness, that is, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837, 114 S.Ct. at 1979. The Court finds no reckless disregard of a known, excessive risk of serious harm to plaintiff's health or safety, *Farmer,* 511 U.S. at 836-38, 114 S.Ct. at 1978-80*,* and concludes that plaintiff has alleged facts that amount to nothing more than negligence. Thus, there is no constitutional violation, and plaintiff's complaint as to this defendant does not survive review under 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.60 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 13th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**